UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GEORGE ESPINOZA,

                Plaintiff,

          v.

WARDEN ZENK, UNIT MANAGER LAMADUE,
UNIT MANAGER GATES, CASE MANAGER
FRANCISO, CASE MANAGER SHAW, JOHN
DOES 1–25, in their individual capacities, and
the UNITED STATES OF AMERICA,

                Defendants.

------------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-427 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff George Espinoza brought the above-captioned action against the United States of America for violation of the Federal Tort Claims Act and against various individuals working at the Moshannon Valley Correctional Center ("MVCC") (collectively, the "MVCC Defendants") for violations of the First Amendment and the Fifth Amendment. The United States moved to dismiss the Second Amended Complaint (the "Complaint") pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The MVCC Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a transfer of venue to the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(2) and 1404(a). At oral argument, the Court denied the MVCC Defendants' motion to transfer venue to the Middle District of Pennsylvania and reserved judgment on the motions to dismiss. On March 27, 2013, the Court entered a Memorandum and Order, granting the United States' motion to dismiss and denying the MVCC Defendants' motion to dismiss. On April 16, 2013, Plaintiff moved for an Entry of Judgment

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. On May 14, 2013, Defendant United States notified the Court, via ECF, that it did not oppose Plaintiff's motion. For the reason set forth below, the Court grants Plaintiff's motion for a Rule 54(b) judgment.

Pursuant to Rule 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 355 (2d Cir. 2011) (discussing a district court's ability to find "no just reason for delay"). The Court finds that there is no just reason to delay the entry of judgment in favor of the United States based on the circumstances of this case.

First, the issue decided by the Court in favor of the United States is a separate and distinct issue from the issue currently pending before the Court against the MVCC Defendants. The issue decided by the Court in favor of the United States involved whether Section 2680(c) of the Federal Tort Claims Act exempts the United States' action in this case from the waiver of sovereign immunity. The questioned action was the failure of the Bureau of Prisons ("BOP") officials to forward Plaintiff's commissary funds from the Metropolitan Detention Center ("MDC") in Brooklyn, New York to the MVCC in Philipsburg, Pennsylvania, after Plaintiff was transferred. Plaintiff argued to the Court that, because his funds were not "detained" by BOP officials, BOP's actions were not subject to Section 2680(c) exemption to the waiver of sovereign immunity. The Court found that the funds were "detained" and therefore the United States was immune under the terms of the statute. The current action pending before the Court against the MVCC Defendants involves First and Fifth Amendment claims for the placement of Plaintiff in a segregated housing unit while at the MVCC. Clearly the adjudicated claim against the United States is separate from and independent of the pending claims against the MVCC Defendants, and the Second Circuit will therefore only have to decide this issue in the appeal

involving the United States. *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (noting that an entry of judgment may be appropriate where "the claims under review [a]re separable from the others remaining to be adjudicated and . . . the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals" (citations omitted)); *In re Agape Litig.*, 274 F.R.D. 453, 455 (E.D.N.Y. 2011) (certifying a final judgment where all of the bank defendants had been dismissed and where if the claim against the bank defendant had been reinstated "an expensive and duplicative trial could be avoided" by allowing the bank defendant to appeal prior to trial on the other defendants claims (citations omitted)); *Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 116, 120 (E.D.N.Y. 2010) (certifying a final judgment where the claims dismissed were independent of the remaining claims since "if the adjudicated claims are independent from the remaining claims, that weighs in favor of entering a Rule 54(b) judgment").

Second, the United States is no longer a party to the case pending before the Court, having been completely dismissed from the case. The United States will therefore not be litigating this case in two separate courts at the same time. Third, the United States has consented to the entry of a Rule 54(b) judgment.

For the reasons stated above, the Court finds that there is "no just reason for delay." The Court certifies pursuant to Rule 54(b) that the Clerk of the Court's judgment in favor of the United States is final.

SO ORDERED:


_____s/MKB_____
MARGO K. BRODIE
United States District Judge


Dated: May 17, 2013
       Brooklyn, New York